UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICK SCHMITT,

    Plaintiff,

v.                                        Case No:   6:18-cv-493-Orl-37TBS

COURTESY PROFESSIONAL
SECURITY, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 14). Upon consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

On April 2, 2018, Plaintiff filed his complaint pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") to recover alleged unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs (Doc. 1). Defendant was served on April 13, 2018 (Doc. 10) and the Clerk entered a default on June 18, 2018 (Doc. 11). After seeking and receiving an extension of time (Docs. 12, 13), Plaintiff brings this motion for default judgment, accompanied by Plaintiff's affidavit as to the amount of wages owed (Doc. 14-1) and an exhibit pertaining to costs (Doc. 14-2). The motion is ripe for review.[1]

---

[1] Although the motion states that notice was provided to Defendant (Doc. 14 at 4) and the time for a response has yet to expire, a defendant that has failed to appear is not entitled to notice of a plaintiff's application for a default judgment. See Arango v. Guzman Travel Advisors, 761 F.2d 1527, 1531 (11th Cir. 1985).

## II. Discussion

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir.1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. See De Lotta v.

Dezenzo's Italian Restaurant, Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. Nov. 24, 2009).

Plaintiff alleges that he was Defendant's "employee" and Defendant was an "employer" within the meaning of the FLSA (Doc. 1, ¶¶ 8, 9). Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA (Id., ¶ 10); Defendant was primarily engaged in providing security services (Id., ¶ 12); and had more than two employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce (Id., ¶¶ 13, 14). At all material times, Plaintiff was "engaged in commerce" - engaged in the production of goods for commerce or providing services in commerce, - and subject to individual coverage of the FLSA (Id., ¶¶ 15, 16). Defendant hired Plaintiff to work as a non-exempt hourly employee, on February 1, 2016, and employed Plaintiff through February 19, 2017, at an hourly rate of $11.00 per hour (Id., ¶ 18). During Plaintiffs entire employment, Plaintiff regularly worked in excess of 40 hours per week for Defendant, specifically, Plaintiff regularly worked up to fifty-four 54 hours per week, and was not properly compensated time and one-half Plaintiffs regular rate for each hour worked in excess of 40 hours (Id., ¶¶ 20, 21). Defendant failed to maintain proper time records and, to avoid the payment of overtime to Plaintiff, would modify, delete, and alter Plaintiffs time records to make it appear as if Plaintiff was not actually working overtime, or working reduced amounts of overtime. (Id., ¶¶ 19-21, 23c). Defendant's actions were "willful and/or showed reckless disregard for the provisions of FLSA ..." (Id., ¶ 34). Based on the foregoing, Plaintiff claims that Defendant violated FLSA's overtime compensation provisions.

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours." Lynn's Food Stores, Inc. v. United States, 679

F.2d 1350, 1352 (11th Cir. 1982), citing Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1981). Under 29 U.S.C. § 216(b), an employee may bring a private action against an employer for unpaid overtime or for minimum wages. "[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). When it is found that an employer has violated the FLSA and compensatory damages are assessed, "the district court generally must add an award of liquidated damages in an equal amount. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of ... section 207 of this title shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages.") Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008). While the complaint includes some legal conclusions the uncontroverted and well pled factual allegations, taken as true by virtue of the default, are enough to establish Defendant's liability under the FLSA.

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing FED. R. CIV. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

> Plaintiff's complaint alleges:
>
>> 24. Plaintiff estimates his FLSA damages to be, as follows: Plaintiff was paid $11.00 per hour, and his overtime rate should have been $16.50 per hour. As such, Plaintiff is owed $16.50 per overtime hour, for each of these unpaid overtime hours, multiplied by his average overtime hours worked per week (14), totaling $231.00 per work week ($ 16.50 X 14 OT hours per week). Plaintiffs employment lasted a total of fifty-three (53) weeks. $231.00 per week X 53 weeks = $12,243.00 in unliquidated damages, and $24,486.00 in liquidated damages. Plaintiff is also seeking attorneys' fees and costs pursuant to the FLSA.

(Doc. 1, ¶ 24). Plaintiff supports this well-pled allegation with his affidavit (Doc. 14-1). I find this showing sufficient to establish entitlement to the amounts pled.[2]

The amounts sought in the motion do not differ from that sought in the complaint, except Plaintiff has chosen to forego an award of attorney's fees and "is only seeking taxable costs" of $455.00 (filing fee and service fee). While I suspect that this forbearance is based on an anticipation that collecting any judgment will prove difficult, I recommend that the Court nonetheless award a nominal amount of attorney's fees, in compliance with the mandatory direction of the statute. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); see also Lynn's Food, 679 F.2d at 1352 ("Congress made the FLSA provisions mandatory"). Based on the Court's experience, an attorney's fee of $500 would not be out-of-line here.

---

[2] Plaintiff use of estimates to arrive at his damage calculation is acceptable in the FLSA context where the employer does not maintain or produce accurate time records, as alleged here. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688, 66 S. Ct. 1187, 90 L.Ed.1515 (1946). "In situations where an employer has failed to keep proper and accurate records and an employee cannot offer convincing substitutes, the employee 'has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" Medrano v. The Inv. Emporium LLC, 672 F. App'x 944, 947 (11th Cir. 2016), quoting Anderson, 328 U.S. at 687, 66 S.Ct. 1187.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The motion for default judgment (Doc. 14) be **GRANTED**;

(2) The Court direct entry of default judgment in favor of Plaintiff and against Defendant in the total amount of **$25,441.00** ($12,243.00 unpaid overtime compensation plus $12,243.00 liquidated damages plus $455 costs plus $500 attorney's fee) for which let execution issue; and

(3) The Clerk be directed to close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 22, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties